UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nehemias Rodriguez,  )  <br>        Plaintiff,  )  <br>    v.  )  <br>          )  <br>Police Officer Pearce Martinez; Police  )  <br>Officer Joseph Datkhayev; Police Officer  )  <br>Krystal Viera, Police Officer Michelle  )  <br>Maldonado, Police Officer Bryan Freier  )  <br>Police Officer Matthew Demerest,  )  <br>        Defendants.  <br>_____ | **COMPLAINT** <br><br> JURY TRIAL DEMAND |

**PRELIMINARY STATEMENT**

1. Nehemias Rodriguez ("Mr. Rodriguez or Plaintiff") was falsely arrested and a victim of excessive force by members of the NYPD. The unreasonable amount of physical force resulted in potentially permanent injury.

2. Mr. Rodriguez brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his rights under the Constitution of the United States of America and the New York State Constitution as well as common law claims.

1

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth , Eighth, and Fourteenth Amendments to the United States Constitution, as well as the New York State Constitution and New York Common Law.. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) because Mr. Rodriguez's claims arise under law of the United States and seek redress of the deprivation under color of state law of rights guaranteed by the United States Constitution.

4. Venue lies in the Eastern District of New York under 28 U.S.C.§ 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in the District.

## THE PARTIES

5. Plaintiff Nehemias Rodriguez is a resident of Queens County, Queens, New York.

6. Defendant Police Officer Pearce Martinez –was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in her individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD.  They are sued in their individual capacity.

7. Defendant Police Officer Joseph Datkhayev –was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in her individual capacity within the scope of employment

2

pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

8. Defendant Police Officer Krystal Viera - were at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

9. Defendant Police Officer Michelle Maldanado - was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

10. Defendant Police Officer Bryan Freire - was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

11. Defendant Police Officer Matthew Demerest - was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment

pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

## JURY DEMAND

12. Plaintiff Nehemias Rodriguez demands a jury trial.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

13. On December 21, 2020, Defendants arrived at Plaintiff's residence.

14. Upon information and belief, they arrived in response to an argument between Plaintiff and his mother.

15. Upon information and belief, Defendant officers were responding to a call for an EDP – or emotionally disturbed person.

16. Defendants entered the residence and attempted to forcefully remove Plaintiff to a hospital without his consent.

17. Defendants had no lawful basis to remove Plaintiff from his home.

18. Defendants proceeded to throw Plaintiff on the floor, pushing his knee until he heard a crack. The amount of force was unreasonable and unnecessary.

19. This unreasonable and unnecessary use of force resulted in long term injury to Plaintiff.

20. Afterwards, he was forcefully transported to the hospital.

21. Defendants attempted to charge Plaintiff with a criminal offense, however the Queens District Attorney's Office declined to prosecute the allegations.

22. None of the aforementioned acts were protected by legal privilege, nor were

such acts legally justified. Said occurrence and the injuries and damages sustained by claimant were due solely to the negligence, carelessness, recklessness and willful misconduct of the NYPD, its agents, servants and/or employees.

23.     As a result of the defendants' conduct, plaintiff has been caused to suffer, *inter alia*, severe anxiety, humiliation, and embarrassment, damage to personal reputation, physical injury, apprehension, , emotional and psychological trauma, loss of income, and violation of rights under the New York Constitutions, and applicable statutory and case law.

## CLAIMS FOR RELIEF
### Claim I: Monell Claim Under 42 U.S.C. § 1983
*Against City of New York*

24.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

25.     The *Monell* Claim is basic and straightforward, by failing to properly train NYPD Officers to deal with individuals they believe are Emotionally Disturbed People ("EDP"), the City has shown a deliberate indifference that has resulted in Plaintiff's constitutional violations.

26.     The impact of officers not being trained on dealing with EDPs cannot be overstated.  The NYPD gets over 100,000 calls a year for individuals who may be "possible" EDPs.[1]  These calls may not only result in arrest, forcible transport to hospital, or injury to the EDP.

---

[1] https://www.nytimes.com/2022/12/05/nyregion/mental-health-plan-nypd.html

27. The City initially agreed to fund Crisis Intervention Training, or CIT, in 2015.[2] However, the City stopped providing training in September of 2020 due to the pandemic. Id. As of November 2022, less than half of the uniformed officers have received CIT training. Id.

28. The situation has become so dire, that even officers have pushed back against the City and NYPD Officials concerning the lack of training. When Sergeant Hugh Barry shot an EDP in the Bronx, he argued during his administrative trial that " . . . the NYPD sends cops out with inadequate training and inadequate resources and then they act shocked when the inevitable happens."[3]

29. Here, the injuries that occurred to Plaintiff was a direct result of the lack of training when dealing with possible EDP calls. Officers are aggressive, combative, and resort to force unnecessarily and in violation of established procedures.

30. Therefore, by the City failing to provide CIT to its officers, they showed a deliberate indifference to the type of violence and use of force suffered by Plaintiff.

### Claim II: False Arrest Under U.S.C. 1983
*Against All Police Officer Defendants*

31. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

---

[2] https://www.thecity.nyc/2022/12/12/23502195/what-happens-police-respond-mental-health-calls-edp

[3] https://www.nydailynews.com/new-york/nyc-crime/ny-nypd-trial-deborah-danner-bronx-death-20220118-qf4admmk3fbm5ntacsxx24wdie-story.html

32. That on December 21, 2020, and at all times hereinafter mentioned and upon information and belief, both Defendants, without justification and without probable cause, imprisoned the Plaintiff.

33. That the DEFENDANTS' acting under the color of the law, intentionally confined the Plaintiff against his will and said confinement was not privileged.

34. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and their standing within their community.

35. As a result of Defendant's impermissible conduct, Plaintiff demand judgment against Defendant's in a sum of money to be determined at trial.

### Claim II: Failure To Intervene Under 42 U.S.C. § 1983
*Against All Police Officer Defendants*

35. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

36. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, had a duty to intervene and prevent such conduct and failed to intervene.

37. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### Claim III: Excessive Force Under 42 U.S.C. § 1983
*Against All Police Officer Defendants*

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

40. In detaining plaintiff, Defendants used force.

41. The force used was unreasonable and excessive.

42. As a result of the unreasonable and excessive force, plaintiff suffered injuries requiring, physical rehabilitation, and substantial pain.

43. Defendants' use of force was a substantial factor in causing the harm to plaintiff.

44. As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

### Claim IV: Violation of Plaintiff's AC 8-802 Rights
*Against City of New York & Individual Police Officers*

45. The Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

46. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom, or usage.

47. The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be

secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

48. The Defendant Officers, while in uniform, unlawfully seized, frisked, and searched the Plaintiff, before detaining plaintiff and further causing his detention for approximately one day in total.

49. By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

50. Defendant Officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

51. The City of New York, as the employer of the covered individual Defendant Officers, is liable to the Plaintiff for the wrongdoing of the covered individual Defendant Officers.

52. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

53. The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

54. The Defendant Officers, while in uniform, unlawfully seized, frisked, and

searched the Plaintiff, before detaining plaintiff and further causing his detention for approximately one day in total.

55. By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

### Claim VI Failure to Intervene in Violation of AC 8-802 Rights
*Against City of New York & Individual Police Officers*

56. The Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

57. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

58. Defendant Officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

59. The Defendants that did not physically touch Plaintiff, but were present when other officers violated Plaintiff's AC 8-802 right against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

60. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiff from violation of his rights.

61. By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

62. The Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

63. Defendant Officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

64. The City of New York, as the employer of the covered individual Defendant Officers, is liable to the Plaintiff for the wrongdoing of the covered individual Defendant Officers.

65. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

66. Defendant Officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

67. The Defendants that did not physically touch Plaintiff but were present when other officers violated Plaintiff's AC 8 – 802 rights against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

68. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiff from violation of his rights.

69. By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injure

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

a. Compensatory damages in an amount to be determined at trial;
b. Punitive Damages;
c. Reasonable costs and attorneys' fees under 42 U.S.C. § 1988;
d. Pre- and post-judgment interest to the fullest extent permitted by law; and
e. Any additional relief the Court deems just and proper.

DATED: this 15th Day of December 2023                New York, New York

Yours, etc.

Lord Law Group PLLC

_____
Masai I. Lord, Esq.
14 Wall St., Ste 1603
New York, NY 10279
718-701-1002

*Counsel for Plaintiff Nehemias Rodriguez*